**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SHAWN EGGSWARE,

Plaintiff,

v. 1:21-CV-1029 (GTS/CFH)

UNITED STATES SECRET SERVICE, et al.

Defendants.

---

**APPEARANCES:**

Shawn Eggsware
66 2nd Street
Waterford, New York
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. Magistrate Judge**

**REPORT-RECOMMENDATION & ORDER**

**I. In Forma Pauperis Application**

Plaintiff pro se Shawn Eggsware purported to commence this action on September 17, 2021, with the filing of a complaint, motion for leave to proceed in forma pauperis ("IFP"), and a motion to appoint counsel. Dkt. Nos. 1 ("Compl."), 2, 3.[1] After review of plaintiff's IFP application, dkt. no. 2, the Court determines that plaintiff financially qualifies to proceed IFP for purposes of filing only. Plaintiff is advised that,

---

[1] Plaintiff has also recently filed several other actions in this Court. These actions are pending review by the Court. See Eggsware v. Albany Masonic Temple, 21-CV-922 (GLS/ML) (complaint dismissed; review of amended complaint pending), Eggsware v. East Coast Syndicate, et al., 1:21-CV-1064; Eggsware v. Doe, 1:22-CV-54 (BKS/CFH); Eggsware v. Winfrey, et al, 1:22-CV-77 (GLS/DJS). It appears – but is not possible to determine -- that plaintiff's case, Eggsware v. East Coast Syndicate, et al., 1:21-CV-1064, may be related to plaintiff's claims in this case.

despite being granted IFP status for the purposes of filing in this case he is still required to pay any fees or costs he may incur in this case.[2]

## II. Initial Review

### A. Legal Standards

Section 1915(e)[3] of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action. Where the plaintiff is proceeding pro se, the court must consider the claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'" Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). A pro se litigant's pleadings are held to a less strict standard than those drafted by an attorney.

[2] This includes, but is not limited to, copying fees and witness fees.

[3] The language of § 1915 suggests an intent to limit availability of IFP status to prison inmates. See 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002). Thus, review of the complaint pursuant to § 1915 is warranted in this case.

See Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008) ("Even in the formal litigation context, pro se litigants are held to a lesser pleading standard than other parties."). Because plaintiff is proceeding pro se, the Court construes his pleadings "to raise the strongest arguments that they suggest." See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks omitted). However, this "does not exempt a [pro se litigant] from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

> "In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 556 U.S. 622, 678 (2009). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual

enhancement" does not suffice." Id. (internal quotation marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order). Indeed, a complaint that fails to comply with these pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

The court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed. See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" Aguilar v. United States, Nos. 99–MC–0304, 99–MC–0408, 1999 WL 1067841, at *2 (D.Conn. Nov. 8, 1999) (quoting Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir.1998)); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory ... or factual contentions lack an arguable basis."); Pino v. Ryan, 49 F.3d. 51, 53

(2d Cir.1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

**B. Complaint**

On a form complaint for civil rights violations pursuant to 42 U.S.C. § 1983, plaintiff purports to name as defendants the United States Secret Service, the Federal Bureau of Investigation, Albany Police Department, Albany County District Attorney's Office, Department of Homeland Security, Troy Police Department, Rennsselaer [sic] County District Attorney, and Central Intelligence Agency.

Plaintiff claims that he has reported, to all of the named defendants, the following:

> 1. Murder[,] 2. Attempted Murder[,] 3. Conspiracy to commit [sic] murder[,] 4. Kidnapping[,] 3/ Conspiracy to commit the act of Kidnapping[,] 6. Robbery[,] 7. Attempted Robbery[,] 8. Conspiracy to commit Robbery[,] 9. Fraud[,] 10[.] Forgery[,] 11. Identity Theft[,] 12. Embezzlement[,] 13. Conspiracy to defraud and embezzle from the United States Government[,] 14. I have witnessed people manipulate ATM Machines[,] 15. I have witnessed people manipulate banks.

Compl. at 7. Plaintiff further contends that he has "also witnessed crimes being committed with science and technology that the United States hasn't even made laws for or has and I do not have access to these laws," some of which plaintiff contends "should also be considered war crimes." Id. He states that he and his "family's life [sic] has been threatened on multiple occasions so I'm really just a sitting duck waiting for the Government to do something about such crimes." Id. Plaintiff contends that he has "reported all such crimes in the appropriate manner" and "will also be asking for

investigation under the Freedom of Information Act." Id. Plaintiff provides that he is "suing for the smallest amount available by law" as he "more or less want[s] the government to press charges and pursue criminal actions against such people." Id. Plaintiff is "trying to do this in a way that doesn't piss the government off" or cause the government to "harass[]" him. Id. Plaintiff asserts that he is "just trying to get the information that I have to the correct agencies and to get them to do what is right" and "[t]he fact that not one of these agencies has even called me would warrant a lawsuit[,]" that "no investigation is being done would also warrant a lawsuit," and that "no charges have been pressed would also warrant a lawsuit." Id.

Plaintiff advises that he may have been "incorrect as to whom to sue and whom not to" as he does "not know the inner workings of the United States government," but that his purpose in bringing this lawsuit is not for "their money or the backlash of suing these people" but "to get them to do their jobs in protecting me and my freedoms." Compl. at 8. Plaintiff states that he "clearly witnessed people robbing banks and embezzling money from the United States government and also witnessed humans doing other stuff with science and technology that would definitely threaten the United States of America if put in wrong hands." Id. Plaintiff "would like access under the Freedom of Information Act as in to [sic] some of the things that people are doing. I am being blocked from access to all information that I am seeking." Id.

**C. Analysis**

Very liberally read, plaintiff appears to seek the Court to direct various local, state, and federal agencies to investigate and prosecute unknown individuals or

organizations for alleged criminal acts he has witnessed or has been perpetrated against him. See generally Compl. Plaintiff also appears to seek the Court's assistance in obtaining unspecified information via the Freedom of Information Act. See id. at 7-8. Plaintiff's complaint must fail for several reasons. First, plaintiff's complaint fails to meet the minimum pleading requirements of Fed. R. Civ. P. 10. Second, and more significantly, plaintiff's complaint does not meet the requirements of Fed. R. Civ. P. 8 as it does not state a short and plain statement demonstrating the Court's jurisdiction. See FED. R. CIV. P. 8.

Although plaintiff writes his complaint on a form complaint for violations of constitutional rights pursuant to section 1983, he makes no mention of this statue nor identify any constitutional right he alleges to have been violated. Plaintiff repeatedly states that he seeks this Court's involvement to require the various agencies to investigate and/or prosecute unspecified individuals for various crimes he witnessed. See Compl. This Court has no such authority or jurisdiction. There is no private right of action to enforce either state or federal criminal statutes. See McFadden v. Ortiz, 5:12-CV-1244 (MAD/ATB), 2013 WL 1789593 (N.D.N.Y. Apr. 26, 2013).[4] As a private citizen, plaintiff has no standing to seek to initiate or compel a law-enforcement entity to initiate the prosecution of another. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Thus, if plaintiff contacted the various defendants and informed them about crimes he witnessed and such defendants chose either not to investigate or not to prosecute, plaintiff has no remedy. Prosecutors possess

[4] Copies of any unpublished cases cited in this Report-Recommendation & Order have been provided to the pro se plaintiff.

discretionary authority to bring criminal actions, and they are "immune for control or interference by citizen or court." Conn. Action Now, Inc. v. Roberts Plating Co., 457 F.2d 81, 87 (2d Cir. 1972).

As plaintiff fails to state a claim with respect to his allegations relating to the defendant agencies' alleged failures to investigate or prosecute various alleged criminal activities, such claims must be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the dismissal must be with prejudice as there is no amendment that can be made to cure the defects in his claims.[5]

Next, plaintiff arguably seeks the Court's assistance in filing Freedom of Information Act ("FOIA") requests. See Compl. at 8. Although plaintiff vaguely states that he is being "blocked access" to unspecified information, plaintiff's complaint also demonstrates that plaintiff has not even filed FOIA requests. See id. at 7 ("I will also be asking for information under their investigation under the Freedom of Information Act."). Regardless, insofar as plaintiff may be attempting to bring a FOIA claim for improper denial of information or documents, plaintiff has failed to state a claim against the state and local defendants as FOIA "appl[ies] only to agencies of the federal government, rather than to state or municipal agencies and their officials or employees." Pennyfeather v. Tessler, 431 F.3d 54, 55 (2d Cir. 2005). Accordingly, to the extent his complaint may be read as attempting to pursue a claim under FOIA against the

---

[5] The undersigned notes that plaintiff seeks to sue municipal entities but fails to set forth the existence of a policy or custom as required by Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 694 (1978); see Jordan v. New York, 343 F. Supp. 2d 199, 202 (W.D.N.Y. 2004) ("[A]lthough municipalities are considered 'persons' for purposes of . . . § 1983, local governments . . . may not be held liable under § 1983 unless the challenged action was performed pursuant to a municipal policy or custom."). Although the undersigned chooses not to reach this analysis because plaintiff's claims fail for the reasons set forth herein, for sake of completeness, it is also noted that plaintiff's claims against defendants Albany Police Department, Albany County District Attorney's Office, Troy Police Department, and Rensselaer County District Attorney would fail under this ground.

following municipal organizations and officials, Albany Police Department, Albany County District Attorney's Office, Troy Police Department, and the Rensselaer County District Attorney, such claims must be dismissed with prejudice.

To the extent plaintiff may be seeking to pursue a FOIA claim against the federal defendants – United States Secret Service, Federal Bureau of Investigation, Department of Homeland Security, and Central Intelligence Agency – plaintiff's claim must be dismissed as he has failed to demonstrate that he has exhausted his administrative remedies. Under FOIA, "the district court[s] of the United States . . . [have] jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." 5 USC § 552 (a)(4)(B). However, "a requester dissatisfied with an agency's response may challenge the response by filing a lawsuit in the district court only after exhausting any administrative remedies." Jackson v. Exec. Off. of United States Attorneys, No. 07CIV6591 RJH/DCF, 2009 WL 10677067, at *5 (S.D.N.Y. Feb. 2, 2009), report and recommendation adopted sub nom. Jackson v. Exec. Off. for United States Attorneys, No. 07 CIV. 6591, 2009 WL 10677136 (S.D.N.Y. Mar. 26, 2009), aff'd sub nom. Jackson v. Cty. of Rockland, 450 F. App'x 15 (2d Cir. 2011) (summary order) (additional citation omitted). "The purpose of the exhaustion requirement is to give the agency the opportunity to exercise its expertise and develop a record for review." Id.

Here, as plaintiff has failed to demonstrate that he has even filed FOIA requests with federal agencies and that such agencies improperly denied his requests, he has failed to demonstrate that he has exhausted his administrative remedies. Therefore, this Court lacks jurisdiction over his potential FOIA claim. In light of special solicitude, it is

recommended that any potential FOIA claim against the federal agency defendants be dismissed without prejudice should plaintiff be able to demonstrate that he has already filed FOIA requests, that such agencies improperly denied him requested information, and that he exhausted his administrative remedies with respect to those requests.[6]

**III. Motion for Counsel**

Plaintiff has moved for appointment of counsel. (Dkt. No. 3). It is well settled that there is no right to the appointment of counsel in a civil case. Plaintiff's motion states merely that he "could not find a civil attorney to help me in this case." Dkt. No. 3 at 1. However, despite signing the form that indicates that he is required to substantiate such statements with the names of the attorneys or agencies he contacted seeking counsel, he filed to do so. He also failed to provide any proof of such efforts as is required. See id.

Here, plaintiff's request for appointment of counsel is premature. First, this Court has not yet determined whether any portion of his claims will be permitted to proceed. Indeed, the undersigned has recommended dismissal of his complaint. A more fully-developed record would be necessary before an assessment can be made as to whether counsel should be appointed. See Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir.1997) (noting that court must look to the likelihood of merit of the underlying dispute in determining whether to appoint counsel). Of these criteria, the Second Circuit

[6] Plaintiff is advised that any amended complaint supersedes and replaces an original complaint in its entirety. There may be no facts or claims incorporated into an amended complaint by reference. Any facts or claims not repleaded in an amended complaint will be deemed abandoned. Further, if plaintiff is permitted to file an amended complaint, such amended complaint *may only contain those claims dismissed by this Court without prejudice*. If an amended complaint contains claims dismissed by the Court with prejudice, such claims will be disregarded and deemed stricken.

has emphasized the importance of assessing "whether the indigent's position was likely of substance." Cooper v. A. Sargente & Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989). This Court is in the earliest stages of attempting to determine whether plaintiff will be able to present any claim "of substance." Id. Therefore, the motion is denied. The denial is without prejudice such that plaintiff will not be precluded from making a subsequent motion for appointment of counsel in the event the District Court allows the action to proceed and if the case were to survive dispositive motion practice. Plaintiff is advised that any future motion for appointment of counsel must be accompanied with proof of the efforts he made to secure counsel from the private or public sector on his own. See Terminate Control Corp. v. Horowitz, 28 F.2d 1335 (2d Cir. 1994).

## IV. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's IFP application (Dkt. No. 2) be **GRANTED** for the limited purpose of filing; and it is

**ORDERED**, that plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED** without prejudice;

**RECOMMENDED**, that all claims relating to the failure to investigate or prosecute crimes against all defendants be **DISMISSED with prejudice** for failure to state a claim; and it is further

**RECOMMENDED**, that, insofar as plaintiff's complaint (Dkt. No. 1) may be read as seeking to raise a claim under the Freedom of Information Act against defendants, Albany Police Department, Albany County District Attorney's Office, Troy Police

Department, and Rensselaer County District Attorney, such claims be **DISMISSED with prejudice** for failure to state a claim; and it is further

**RECOMMENDED**, that, insofar as plaintiff's complaint (Dkt. No. 1) may be read as seeking to raise a claim under the Freedom of Information Act against federal defendants United States Secret Service, Federal Bureau of Investigation, Department of Homeland Security, and Central Intelligence Agency, such claims be **DISMISSED without prejudice**; and it is

**RECOMMENDED,** that if the District Judge adopt this Report-Recommendation & Order, plaintiff be given thirty (30) days from the date of the Order adopting this Report-Recommendation & Order to file an amended complaint alleging only those claim(s) dismissed by the Court without prejudice, and that if plaintiff fails to file an amended complaint within that time-frame, the case be dismissed without further order of the Court; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation & Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[7]

[7] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17)

Dated: February 7, 2022
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

C

F

H

days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).